UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-22155-JAL

VIRGIL WOODSON,

    Plaintiff,

v.

CITY OF OPA-LOCKA;
OFFICER H. PAYOUTE; OFFICER
JOHN DOE #1; OFFICER JOHN DOE #2;
AND OFFICER JOHN DOE #3 ,

    Defendants.
_____/

## DEFENDANT, CITY OF OPA-LOCKA'S, MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, CITY OF OPA-LOCKA ("City"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for the entry of an order dismissing Plaintiff's Complaint (DE 1), and as grounds states:

    1.    Plaintiff has sued the City for damages resulting from Plaintiff's arrest on June 6, 2011. DE 1, generally. Plaintiff also has sued one of the City's police officers, Henry Payoutte, and several other unnamed defendants. Id.

    2.    Plaintiff's claims against the City arise under 42 USC §1983 and the common law.

    3.    Plaintiff's claim for excessive force under § 1983 fails as Plaintiff has not identified any facts establishing a custom and policy of unlawful and excessive force in the City.

4. Plaintiff's common law battery claim fails as Plaintiff has not identified the individual who allegedly used excessive force against Plaintiff.

**WHEREFORE**, Defendant, City of Opa-locka, respectfully requests that this Court enter an order dismissing the Complaint as against Defendant, for failure to state claims upon relief can be granted.

## MEMORANDUM OF LAW

**I.    Counts I and II (42 USC § 1983)**

    **A.    No unconstitutional policy or custom alleged**

The City of Opa-locka can only be liable under § 1983 *"when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."* of which Plaintiff complains. Monell v. Dep't. of Social Services, etc., 436 U.S. 658, 691 (1978); Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005); Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). To establish the City's § 1983 liability based on a "custom," Plaintiff must allege facts establishing an unconstitutional practice so widespread that, *"although not authorized by written law or express municipal policy,"* it is *"so permanent and well settled as to constitute a custom or usage with the force of law."* Brown v. City of Fort Lauderdale, 923 F. 2d 1474, 1481 (11th Cir. 1991). The allegations must reflect a practice so *"long-standing and widespread,"* that it can be *"deemed authorized by the policy-making officials because they must have known about it but failed to stop it."* Id.

A failure to prevent an isolated incident, however, cannot be deemed tacit approval. *"Random or isolated incidents are insufficient to establish a custom or*

*policy."* Depew v. City of St. Mary's, 787 F. 2d 1496, 1499 (11th Cir. 1986); Owaki v. City of Miami, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

Plaintiff's complaint is devoid of any allegations of fact establishing a long standing City custom of allowing unlawful excessive force against arrestees such as to expose the City to §1983 liability. While the amended complaint broadly accuses the City of *"ignor[ing], tolerat[ing, or inadequately disciplin[ing] its officers,"* and *"ignoring, tolerating, and improperly handling complaints of excessive use of force,"* it does **not** cite to a single other incident similar to Plaintiff's incident. Complaint (DE 1), ¶¶ 53, 59. Plaintiff has proffered no facts which would establish that any City policy or custom was the "moving force" behind Plaintiff's purported constitutional deprivation as required by Monell, supra. The §1983 claim against the City must be dismissed.

B.     **No common law claim of assault and battery**

Under Florida law, *"a presumption of good faith attaches to an officer's use of force in making a lawful arrest and an officer is liable for damages only where the force used is clearly excessive."* City of Miami v. Sanders, 672 So.2d 46, 48 (Fla. 3d DCA 1996) (emphasis added).

Plaintiff's common law claim is defective as it fails to identify the specific individual that allegedly committed the battery. Without identifying the individual, it is impossible to determine if that individual was a City employee, or if the individual was acting within the course and scope of his or her employment such that the City could be liable. Finally, Plaintiff improperly seeks damages under §1983 and "federal law." Neither type of damages is available under the common law.

**WHEREFORE**, the Defendant, City of Opa-locka, respectfully requests that the Court enter an Order dismissing the Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this  20th  day of October, 2015, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

    JOHNSON, ANSELMO, MURDOCH,
    BURKE, PIPER & HOCHMAN, P.A.
    Attorneys for Defendant City of Opa-Locka
    2455 East Sunrise Boulevard, Suite 1000
    Fort Lauderdale, Florida 33304
    Telephone.:   (954) 463-0100
    Facsimile.:   (954) 463-2444

By:   *s/Christopher J. Stearns*
    CHRISTOPHER J. STEARNS
    Florida Bar No.:  557870

## **SERVICE LIST**

**Roderick D. Vereen, Esq.**
LAW OFFICE OF RODERICK D. VEREEN, ESQ., P.A.
P.O. Box 68-0697
Miami, Florida 33168
Telephone:   (786) 391-1751
Facsimile:    (786) 409-3113 Fax
Email:   Vereen2469@aol.com

---

**Christopher J. Stearns, Esq.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
Attorneys for Defendants
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone.:   (954) 463-0100
Facsimile.:    (954) 463-2444