## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-22155-JAL

VIRGIL WOODSON,

      Plaintiff,

v.

CITY OF OPA-LOCKA;
OFFICER H. PAYOUTE; OFFICER
JOHN DOE #1; OFFICER JOHN DOE #2;
AND OFFICER JOHN DOE #3 ,

      Defendants.

_____/

### DEFENDANT, HENRY PAYOUTE'S, MOTION TO STRIKE AND DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Henry Payoute ("Payoute"), individually and as a police officer for the City of Opa-locka, by and through his undersigned attorneys, and pursuant to Rules 12(b)(6) and (f), Federal Rules of Civil Procedure, moves for the entry of an order striking and dismissing count II of Plaintiff's Complaint, and as grounds states:

1.    Plaintiff has sued Defendant, Payoute, *"in his individual and official capacities"* as an officer for the City of Opa-locka (the City), for damages allegedly resulting from Payoute's failure to intervene to stop some other unknown police officers' use of excessive force against Plaintiff.  DE 1, count II. Plaintiff also has sued the City itself and several other unnamed defendants.  Id.

2.    Plaintiff's claim against Payoute arises under 42 USC §1983.

3.    Plaintiff's "official capacity" claim against Payoute is redundant and

unnecessary and should be stricken.

      4.      With respect to the "individual capacity" claim, it fails to state a claim upon which relief can be granted, and the Complaint should be dismissed.

      **WHEREFORE**, Defendant, Henry Payoute, in his official capacity as a police officer for the City of Opa-locka, respectfully requests that this Court enter an order striking the "official capacity" claim of count II of Plaintiff's Complaint as redundant and unnecessary and dismissing count II, as against Defendant, for failure to state a claim upon relief can be granted.

### <u>MEMORANDUM OF LAW</u>

## I.    <u>"Official Capacity" Claims Are Redundant And Unnecessary</u>

      Plaintiff names Payoute as a Defendant both *"in his individual and official capacities"* as a police officer at the City of Opa-locka.  DE 1, Count II. Plaintiff also names the City of Opa-locka itself as a Defendant.  DE 1.

      An official capacity suit represents only another way of pleading an action against the governmental entity of which the officer is an agent. <u>Busby v. City of Orlando</u>, 931 F.2d 764,776 (11th Cir. 1991); <u>Kentucky v. Graham</u>, 473 U.S.159 (1985).  Consequently, because Plaintiff has sued the City itself, Plaintiff's claim against Payoute in his official capacity as a police officer for the City is redundant and unnecessary and should be stricken.  Rule 12(f), Fed.R.Civ.Proc.

## II.    <u>No "Individual Capacity" Claims</u>

**Payoute is entitled to qualified immunity**

Qualified immunity is not just a defense from liability, but also an immunity from

suit. *"The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."* Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). To be entitled to qualified immunity, Payoute must first show that he was acting within the scope of his discretionary authority when the alleged wrongful act occurred. See Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995). Given that Defendant here was acting *"as a police officer,"* Defendant was acting within his discretionary authority. The burden now shifts to Plaintiff to allege facts establishing that Payoute committed a violation of a constitutional right. The relevant inquiry on a motion to dismiss a claim under § 1983 is "*[t]aken in the light most favorable to the party asserting the injury, **do the facts alleged show the officer's conduct violated a constitutional right?**"* Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (emphasis added). If so, *"the next, sequential step is to ask whether the right was clearly established"* at the time of the allegedly wrongful conduct. Id. Plaintiff failed to satisfy his burden.

Plaintiff was required to assert facts establishing an abrogation of qualified immunity, which otherwise protects governmental officials performing discretionary functions and protects all officials except *"the plainly incompetent or those who knowingly violate the law."* Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986). Plaintiff failed to do so. The Complaint fails to include facts establishing that Payoute engaged in *any* constitutional violation that caused Plaintiff harm.

To establish a claim for failure to intervene, Plaintiff was required to allege facts establishing that Payoute was present at the scene, and failed to take reasonable steps to

protect the victim of another officer's use of excessive force. Velazquez v. City of Hialeah, 484 F.3d 1340, 1341-42 (11th Cir. 2007)(quotation marks omitted). It *"must also be true that the non-intervening officer was in a position to intervene yet failed to do so."* Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir. 2008)(emphasis added).

Plaintiff's allegations simply cannot be favorably compared to the cases where officers have been stripped of qualified immunity for a failure to intervene. Compare Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000) (holding that two minutes of a dog biting a suspect was long enough for another officer to intervene.); King v. Reap, 269 Fed. Appx. 857, 860 (11th Cir. 2008) (affirming denial of deputies' summary judgment motion where the claimant testified that the deputies refused to intervene during a 20 minute beating of the plaintiff which occurred after he had been arrested).

**WHEREFORE**, the Defendant, Henry Payoute, respectfully requests that the Court enter an Order dismissing the Complaint.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this _20th_ day of October, 2015, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
Attorneys for Defendant City of Opa-locka
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone.: (954) 463-0100
Facsimile.: (954) 463-2444


By:___*s/Christopher J. Stearns*_____
        CHRISTOPHER J. STEARNS
        Florida Bar No.:  557870

## SERVICE LIST

**Roderick D. Vereen, Esq.**
LAW OFFICE OF RODERICK D. VEREEN, ESQ., P.A.
P.O. Box 68-0697
Miami, Florida 33168
Telephone:   (786) 391-1751
Facsimile:   (786) 409-3113 Fax
Email:   Vereen2469@aol.com

---

**Christopher J. Stearns, Esq.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
Attorneys for Defendants
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone.:   (954) 463-0100
Facsimile.:   (954) 463-2444