UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:15-cv-22155

VIRGIL WOODSON,

    Plaintiff,

v.

CITY OF OPA-LOCKA, a Municipality organized under the laws of the State of Florida, OFFICER H. PAYOUTE.

    Defendants.
_____/

## JOINT SCHEDULING REPORT

COMES NOW the parties and hereby files this Joint Scheduling Report pursuant to the Court Order issues on January 26, 2016 and Rule 26(f) and Local Rule 16.1B as follows:

1. The nature of the Claims by Plaintiff Virgil Woodson stems from a civil rights action in which the Plaintiff seeks relief from this Court for injuries sustained by Plaintiff after having been arrested by police officers of the City of Opa-Locka Police Department, in violation of Plaintiff's civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Constitution of the United States, including its Fourth and Fourteenth Amendments, and by the laws of the State of Florida.

2. A summary of the facts are as follows:

On or about June 6, 2011, Plaintiff was arrested by Officer H. Payoute of the City of Opa-Locka Police Department for a robbery that occurred on May 4, 2011. After being taken into custody and transported to the Opa-Locka Police Department, Plaintiff was

physically assaulted by three City of Opa-Locka Police officers, in violation of his rights under the Fourth Amendment to the United States Constitution.

Plaintiff further alleges that Defendant Officer H. Payoute observed what was had occurred with Plaintiff and failed to intervene or stop the assault and battery upon Plaintiff's person. After reviewing the case, the State Attorney's Office, in Miami, Florida dismissed all charges against Plaintiff.

3. The issues intended to be presented in Plaintiff's First Amended Complaint in this matter are as follows:

   a. Whether the City of Opa-Locka violated Title Plaintiff's constitutionally protected rights by employing and maintaining policies or customs exhibiting deliberate indifference to those rights with whom its officers come in contact;

   b. Whether Officer Peyoute is liable under Title 42 U.S.C. Section 1983 for failure to intervene and stop the physical assault on Plaintiff by his fellow police officers when the assault was being committed in his presence and was clearly excessive and unwarranted;

   c. Whether the City of Opa-Locka is liable under Title 42 U.S.C. Section 1983 for the assault and battery committed on Plaintiff by officers of the City of Opa-Locka

4. The parties agree that discovery in this matter should be conducted in phases.

5. The parties jointly agree that discovery should be conducted as follows:

   All discovery should be completed by October 1, 2016.

   Dispositive motion should be filed by November 1, 2016.

   Responses to dispositive motions should be filed within 17 days after the filing of any dispositive motions.

Replies to any responsive motion shall be filed within 10 days after the filing of the responsive pleading.

The parties agree to narrow the issues so triable in order to avoid the filing of frivolous claims or defenses.

The parties will try to reach as many pretrial stipulations as possible in order to avoid unnecessary proof and cumulative evidence.

The parties also agree to attempt to reach an agreement as to possible admissions of fact, authenticity of documents and the admission of evidence.

6. Any amendment to the Complaint shall be filed by February 15, 2016. At this time, Plaintiff does not desire to file any amendment to the pending complaint.

   Any additional party or parties must be included by February 15, 2016. Plaintiff does not intend to add any additional parties.

   The parties request a final pretrial conference on January 15, 2017.

7. The parties request a Calendar Call on February 15, 2017.

   The parties agree that the Court should set trial in this matter for March 1, 2017.

8. The parties agree that a trial in this matter shall take 3-5 days and a jury trial is demanded.

9. There are no pending motions at this time.

10. There are no unique legal or factual aspects of the case requiring special considerations by the Court.

11. There is no potential need for references to a special master or magistrate. However, the parties, along with the Joint Planning and Scheduling Report, file their Consent to issues before a U.S. Magistrate Judge.

12. Settlement in this matter is possible.

13. The parties are that there are no other matters as required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.

14. Pursuant to Rule 26(a), Federal Rules of Civil Procedure, all defendants have been served and the parties have conferred on these issues and agree that the information contained herein is accurate.

Respectfully submitted,

Dated this February 2, 2016.

By:

Law Office of Roderick D. Vereen, Esq., P.A.
Roderick D. Vereen, Esq.
Counsel for Plaintiff
P.O. Box 68-0697
Miami, Florida 33168
Tel: (786) 391-1751
Fax: (786) 409-3113
Email: Vereen2469@aol.com


Christopher Stearns, Esq.
Johnson, Anselmo, Murdoch, et.al
2455 East Sunrise Blvd.
Suite 1000
Fort Lauderdale, Florida 33304

Case No. 15-22155-CIV-LENARD/GOODMAN

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 15-22155-CIV-LENARD/GOODMAN

**VIRGIL WOODSON,**

    Plaintiff,

vs.

**CITY OF OPA-LOCKA, a Municipality organized under the laws of the State of Florida; OFFICER H PAYOUTE; OFFICER JOHN DOE #1; OFFICER JOHN DOE #2; and OFFICER JOHN DOE #3,**

    Defendants.

_____/

## JOINT SCHEDULING FORM
[to be attached to and filed with the Joint Scheduling Report]

The Parties shall jointly complete this Form by providing dates certain (e.g. January 1, 2006) for each action or event. Unilateral filings will not be accepted.

| DEADLINE OR DATE | ACTION OR EVENT |
|---|---|
| 2/14/16 | All motions for joinder of parties or to amend pleadings shall be filed. |
| 5/15/16 | The Parties shall each furnish opposing counsel a written list containing the names and addresses of all fact witnesses who may be called at trial. Only those witnesses named on this list shall be permitted to testify at trial. |
| 10/1/16 | All **fact** discovery must be completed. The Parties shall be under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |

Case No. 15-22155-CIV-LENARD/GOODMAN

6/1/16

Plaintiff(s) must provide Defendant(s) an expert witness list accompanied by the reports or summaries required by Rule

Case No. 15-22155-CIV-LENARD/GOODMAN

| Date | Action |
|---|---|
| | 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial. Within the fourteen-day period after this deadline, Plaintiff(s) shall make the expert witnesses available for deposition by Defendant(s). |
| 6/22/16 | Defendant(s) must provide Plaintiff(s) an expert witness list accompanied by the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial. Within the fourteen-day period after this deadline, Defendant(s) shall make the expert witnesses available for deposition by Plaintiff(s). |
| 11/1/16 | All **expert** discovery must be completed. |
| 11/1/16 | All dispositive, pre-trial motions and memoranda must be filed, as well as any motions to exclude or to limit proposed expert testimony. |
| 12/1/16 | Mediation shall be completed. |
| 12/1/16 | Proposed date before which all motions in limine must be filed. |
| 2/15/17 | Proposed date for joint pre-trial stipulation pursuant to Local Rule 16.1(e) |
| 2/15/17 | Proposed date for pre-trial conference. |
| 3/1/17 | Proposed date for trial. |

**ADDITIONAL DEADLINES OR DATES**     **ACTION OR EVENT**

_____

_____

-2-

Case No. 15-22155-CIV-LENARD/GOODMAN

Case No. 15-22155-CIV-LENARD/GOODMAN

_____

_____