UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:15-cv-22155-JAL

VIRGIL WOODSON,

      Plaintiff,

v.

CITY OF OPA-LOCKA, a Municipality organized under the laws of the
State of Florida and OFFICER H. PAYOUTE,

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff, VIRGIL WOODSON, sues the Defendants, CITY OF OPA-LOCKA, a political

subdivision of the State of Florida, and OFFICER H. PAYOUTE, and states as follows:

## PREMILINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff seeks relief from this Court for

injuries sustained by Plaintiff after having been beaten and having a loaded gun thrust in his

mouth by police officers of the City of Opa-Locka Police Department in violation of Plaintiff's

civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth

Amendments of the U.S. Constitution and by the laws of the State of Florida.

2.      On or about June 6, 2011, Plaintiff was arrested by Officer H. Payoute of the City

of Opa-Locka Police Department for a robbery that occurred on May 4, 2011. After being taken

into custody and transported to the Opa-Locka Police Department, Plaintiff was physically

assaulted by three City of Opa-Locka Police officers, in violation of Plaintiff's rights under the

Fourth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

3.      This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) arising from a violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and a claim for attorney's fees pursuant to 42 U.S.C. § 1988.

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      Venue is appropriate in this Court pursuant to U.S.C. 28 U.S.C. § 1391.

## PARTIES

6.      At all times material hereto, Plaintiff, VIRGIL WOODSON, was a resident of the City of Miami-Dade County, a citizen of the State of Florida and a citizen of the United States of America. At the time of the incident, Plaintiff was a minor but has now reached the age of majority.

7.      At all times material hereto, the City of Opa-Locka was a political subdivision of the State of Florida.

8.      At all times material hereto, Defendant, the City of Opa-Locka, was the public employer of Defendant, Officer H. Payoute.

9.      At all times material hereto, Officer H. Payoute was a City of Opa-Locka Police Department employee, over the age of 18 and otherwise sui juris.

10.     Defendant, Officer H. Payoute was, at all times relevant herein, a duly appointed officer, servant, employee and agent of the City of Opa-Locka Police Department, an agency of Defendant, City of Opa-Locka.

11.     At all times relevant herein, Officer H. Payoute was acting pursuant to and under the laws, statutes, ordinances, regulations, policies and procedures promulgated by the State of

Florida and the City of Opa-Locka Police Department and in the course and scope of his employment with the City of Opa-Locka Police Department and, by extension, the City of Opa-Locka.

12.     As more fully set forth herein, Defendant, Officer H. Payoute, violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have, or should have, known.

13.     Plaintiff has satisfied all conditions precedent to filing this lawsuit, including those imposed by Fla. Stat. § 768.28.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.     On June 6, 2011, Plaintiff, who was a juvenile at the time, was arrested by Officer H. Payoute of the Opa-Locka Police Department for a robbery that allegedly occurred on May 4, 2011.

15.     Upon his arrest, Plaintiff was handcuffed and transported to the Opa-Locka Police Station. While still in handcuffs, and without the benefit of his Miranda rights, Plaintiff was questioned by law enforcement about his alleged involvement in the robbery.

16.     Plaintiff denied any involvement in the robbery.

17.     Plaintiff, at that time, was asked why he was on probation and responded that it was as a result of a prior "robbery." While still handcuffed, Officer Sergio Perez physically grabbed Plaintiff and escorted him out of the room, followed by Officers Victor Fonseca, Carlos Ferrufino and Officer Payoute.

18.     Plaintiff was then placed inside of a locker room at the Opa-Locka police station.

While in the locker room, Officer Victor Fonseca asked Plaintiff if he liked robbing people. Plaintiff replied "no" and advised that he did not have anything to do with the robbery for which he was arrested. At that time, Officer Sergio Perez pulled out his firearm and stuck it into Plaintiff's mouth, almost chipping his front teeth, and stated, "So you like robbing people huh? Tell me the truth or I will kill you."

19.   Plaintiff started crying and begging for his life.

20.   Officer Carlos Ferrufino punched Plaintiff in the stomach repeatedly, slapped him and then told him to get on his knees.

21.   After Plaintiff got on his knees, Officer Carlos Ferrufino stood on a chair, jumped off of it and then stomped on Plaintiff's neck causing him to lose his breath.

22.   Plaintiff was then taken back into the other room by Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino and placed back into the chair.

23.   Plaintiff was in pain and unable to breathe.

24.   Plaintiff was then given a cup of water, was told that he was okay, was told that he was going to live and that he should not have committed the robbery.

25.   Plaintiff began to rock back and forth in his chair and eventually fell to the floor of the cell.

26.   The Defendant Officers placed Plaintiff back into his chair.

27.   At the time of the incident, Plaintiff was already under arrest, did not pose an immediate threat to the safety of the officers that had control of him and took no action to actively resist or evade arrest by flight.

28.   Defendant Officer H. Payoute observed what occurred in the locker room and failed to intervene or stop the assault and battery upon Plaintiff's person.

29.     After reviewing the case, the Miami-Dade County State Attorney's Office dismissed all charges against Plaintiff.

30.     Plaintiff has retained the undersigned attorneys and is obligated to pay said attorneys a reasonable attorney's fee.

## COUNT I AGINST DEFENDANT OFFICER H. PAYOUTE
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
## FAILURE TO INTERVENE

31.     Plaintiff re-alleges paragraphs 1-30 as if fully set forth herein and further states as follows:

32.     Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino violated Plaintiff's constitutional rights when they assaulted Plaintiff using excessive force against after Plaintiff had already been taken into custody.

33.     At the time Plaintiff was assaulted, he was already in police custody at the police station. He posed no immediate threat of serious physical harm to the officer or to others; he was not capable of, nor was he in the process of, committing a crime involving the infliction or threatened infliction of serious harm such that he represented an inherent risk to the general public and he was not trying to evade or resist arrest.

34.     The acts of placing a gun in a minor's mouth while threatening to kill him along with punching a defenseless arrestee in the stomach and jumping off a table to strike Plaintiff in the neck under the circumstances was objectively unreasonable and known to be unreasonable by the police officers at the time these events occurred.

35.     Defendant Officer H. Payoute was present when Plaintiff was assaulted as more particularly described above.

36.     Officer H. Payoute knew, or should have known, that the assault was excessive and had an obligation to prevent the other officers from using excessive force.

37.     Despite this obligation, Officer H. Payoute took no action to stop the assault as more particularly defined above when he was in a position to do so

38.     Therefore, Defendant Officer H. Payoute is directly liable for the unreasonable application of excessive force applied by Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino.

39.     Defendant Officer H. Payoute's conduct was deliberately indifferent to Plaintiff's clearly established constitutional rights to be free from the use of excessive force.

40.     As a direct, proximate and foreseeable result of the acts and omissions of Defendant Officer H. Payoute, Plaintiff was physically assaulted and suffered injuries and has, in the past, suffered, and in the future will continue to suffer the following damages:

      a.     Medical expenses;

      b.     Pain and suffering;

      c.     Loss of the capacity for the enjoyment of life;

      d.     Medical expenses;

      e.     Rehabilitative expenses;

      f.     Aggravation of a pre-existing condition;

      g.     Lost wages; and

      h.     Lost earning capacity.

WHEREFORE, Plaintiff demands judgment against Defendant, Officer Payoute, along with costs, attorney's fees pursuant to 42 U.S.C. § 1988, punitive damages and for any other relief this Court deems just, equitable and proper.

## COUNT II-DEFENDANT CITY OF OPA-LOCKA § 1983 MONELL CLAIM

41.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-30 as if same were fully set forth herein and further alleges as follows:

42.    Plaintiff was deprived on at least the following federal rights guaranteed under the United States Constitution:

      A.    The rights to be from unreasonable searches and/or seizures; AND

      B.    The right to enjoy civil and statutory rights.

43.    Defendant City of Opa-Locka developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens with whom its officers came into contact.

44.    It was the policy and/or custom of the City of Opa-Locka to inadequately and improperly investigate citizen complaints of police misconduct.

45.    It was the policy and/or the custom of the City of Opa-Locka to ignore, tolerate or inadequately discipline its officers when acts of misconduct occurred.

46.    Prior to June 6, 2011, Defendant Officers  Sergio Perez, Victor Fonseca and Carlos Ferrufino had histories of misbehavior that were ignored, inadequately investigated or resulted in inadequate discipline.

47.    Defendant City of Opa-Locka inadequately investigated or inadequately disciplined Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino thereby failing to adequately discourage further misconduct.

48.    Defendant City of Opa-Locka tolerated and acquiesced to the excessive use of force by Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino on June 6, 2011.

49.     Defendant City of Opa-Locka made no changes to its policies after the events on June 6, 2011 as evidenced by subsequent claims of misconduct against other City of Opa-Locka Police Department officers.

50.     Because of the policy or custom of ignoring, tolerating and improperly handling complaints of excessive use of force, Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino believed that their actions would not result in investigation or discipline but would be tolerated.

51.     The above described policies and customs demonstrates a deliberate indifference on the part of the Defendant City of Opa-Locka to the constitutional rights of persons its officers came into contact with, and were the cause of Plaintiff's deprivation of his constitutionally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendant, CITY OF OPA-LOCKA, for damages, attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and for any other relief this Court deems just, equitable and proper.

### COUNT III-DEFENDANT CITY OF OPA-LOCKA
### STATE LAW CLAIM FOR ASSAULT AND BATTERY

52.     Plaintiff re-alleges paragraphs 1-30 as if fully set forth herein and further alleges as follows:

53.     Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino's conduct was intentional but was not willful, wanton, or malicious.

54.     Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino's conduct, as alleged herein, was committed within the course and scope of their employment as police officers with the City of Opa-Locka Police Department.

55.     Defendant Officers Sergio Perez, Victor Fonseca and Carlos Ferrufino's conduct by physically assaulting Plaintiff constituted offensive, unwanted and unprivileged touching of Plaintiff's person.

56.     As a direct and proximate cause of the assault and battery, Plaintiff suffered the following damages:

      a.     Medical expenses;

      b.     Pain and suffering;

      c.     Loss of the capacity for the enjoyment of life;

      d.     Medical expenses;

      e.     Rehabilitative expenses;

      f.     Aggravation of a pre-existing condition;

      g.     Lost wages; and

      h.     Lost earning capacity.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Opa-Locka for damages, taxable costs and any other relief this Court deems proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF this 30th day of November 2015 to:

Christopher J. Stearns, Esq.
Johnson, Anselmo, Murdoch et al.
2455 East Sunrise Blvd.
Suite 1000
Fort Lauderdale, FL 33304

LAW OFFICE OF RODERICK D. VEREEN, ESQ., P.A.
Counsel for Plaintiff
P.O. Box 68-0697
Miami, Florida 33168
Tel: (786) 391-1751
Fax: (786) 409-3113
Email: Vereen2469@aol.com

By:    /s/Roderidck D. Vereen, Esq.
Florida Bar No: 869589
Primary email: Vereen2469@aol.com